IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA    )
                            )
       v.                   )   Criminal No. 12-91
                            )
KHALIFAH ALI AL-AKILI        )
a/k/a James Marvin Thomas, Jr.)

**INDICTMENT MEMORANDUM**

AND NOW comes the United States of America, by its attorneys, David J. Hickton, United States Attorney for the Western District of Pennsylvania, and James R. Wilson, Assistant United States Attorney for said District, and submits this Indictment Memorandum to the Court:

**I.   THE INDICTMENT**

A Federal Grand Jury returned a one-count Indictment against the above-named defendant for an alleged violation of federal law:

| COUNT | OFFENSE/DATE | TITLE/SECTION |
|-------|--------------|---------------|
| 1 | Possession of a firearm by a convicted felon. On or about July 4, 2010 | 18 U.S.C. § 922(g)(1) |



FILED
APR 10 2012
CLERK, U.S. DISTRICT COURT
WEST. DIST. OF PENNSYLVANIA

## II. ELEMENTS OF THE OFFENSES

A. As to Count 1:

In order for the crime of possession of a firearm by a convicted felon, in violation of Title 18, United States Code, Section 922(g)(1), to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1. The defendant was convicted of a crime punishable by imprisonment for a term exceeding one year.

> United States v. Gillies, 851 F.2d 492, 493-494 (1st Cir. 1988); United States v. Lowe, 860 F.2d 1370 (7th Cir. 1988) n. 4.

2. The defendant thereafter knowingly possessed a firearm.

3. Said firearm was possessed in or affecting interstate commerce.

> United States v. Gillies, 851 F.2d 492, 493-494 (1st Cir. 1988); United States v. Lowe, 860 F.2d 1370 (7th Cir. 1988) n. 4.

## III. PENALTIES

A. As to Count 1: Possession of a firearm by a convicted felon (18 U.S.C. § 922(g)(1)):

1. A term of imprisonment of not more than ten (10) years. However, if it is determined that the defendant has three previous convictions for a violent felony or a serious drug offense, or both, then pursuant to 18 U.S.C. § 924(e), the term of

imprisonment is not less than fifteen (15) years to a maximum of life imprisonment.

  2. A fine of not more than $250,000 (18 U.S.C. § 3571(b)(3)).

  3. A term of supervised release of three (3) years (or five (5) years if 18 U.S.C. § 924(e) applies) (18 U.S.C. § 3583).

### IV. MANDATORY SPECIAL ASSESSMENT

A mandatory special assessment of $100.00 must be imposed at each count upon which the defendant is convicted, pursuant to 18 U.S.C. § 3013.

### V. RESTITUTION

Not applicable in this case.

### VI. FORFEITURE

As set forth in the indictment, forfeiture may be applicable in this case.

          Respectfully submitted,

          DAVID J. HICKTON
          United States Attorney

          _____
          JAMES R. WILSON
          Assistant U.S. Attorney
          PA ID No. 27648