IN THE UNITED STATES DISTRICT COURT

OF WESTERN PENNSYLVANIA


UNITED STATES OF AMERICA,           CRIMINAL ACTION

                vs.                    No. 12-91

KHALIFA ALI AL-AKILI,

           Defendant.

_____


Transcript of SENTENCING HEARING
held on APRIL 25, 2013
United States District Court, Pittsburgh, Pennsylvania
BEFORE:  HONORABLE MARK HORNAK, DISTRICT JUDGE


APPEARANCES:

For USA:                        James R. Wilson, Esq.
                                Assistant U.S. Attorney
                                U.S. Attorney's Office
                                700 Grant Street
                                Pittsburgh, PA 15219


For the Defendant:              Marketa Sims, Esq.
                                Federal Public Defender's Office
                                1001 Liberty Avenue
                                Pittsburgh, PA 15222-3716




Court Reporter:                 Karen M. Earley, RDR-CRR
                                6260 U.S. Courthouse
                                700 Grant Street
                                Pittsburgh, PA 15219
                                412-201-2660


Proceedings reported by mechanical stenography.
Transcript produced by computer-aided transcription.

```
 1                      P R O C E E D I N G S
 2    (3:05 p.m.  In open court.)
 3               THE COURT:  This is the sentencing hearing in the
 4    case of United States of America versus Khalifa Ali Al-Akili
 5    pending on the docket of this Court at Docket No. 12-cr-91.
 6               Will counsel for the United States of America
 7    please enter his appearance.
 8               MR. WILSON:  James Wilson on behalf of the United
 9    States.
10               THE COURT:  Thank you, Mr. Wilson.
11               Will counsel for the defendant please enter her
12    appearance.
13               MS. SIMS:  May it please the Court, Marketa Sims on
14    behalf of Mr. Al-Akili.
15               THE COURT:  Ms. Sims, who is seated with you at
16    counsel table?
17               MS. SIMS:  I have with me at counsel table Khalifa
18    Ali Al-Akili.
19               THE COURT:  Mr. Al-Akili, you are the defendant in
20    this action, is that correct?
21               THE DEFENDANT:  That is correct.
22               THE COURT:  Mr. Babik, will you please administer
23    the oath to the defendant.
24          KHALIFA ALI AL-AKILI, DEFENDANT HEREIN, WAS SWORN.
25               THE CLERK:  State your name for the record.
```

1          THE DEFENDANT:  Khalifa Ali Al-Akili.

2          THE CLERK:  Thank you.

3          THE COURT:  Court will also note for the record

4   present in the courtroom is a representative of the United

5   States Office Probation and Pretrial Services, Mr. John

6   Poglinco, who is the officer assigned to this matter.

7          The record will reflect that since the plea hearing

8   in this Court on November 27, 2012, the following has

9   occurred:

10          A Presentence Investigation Report was prepared on

11   February 11, 2013; an addendum to that report was prepared and

12   dated March 5, 2013.

13          I would also note for the record the filing of the

14   following, that is, position statements and statements

15   reflecting sentencing factors filed by both the government and

16   defendant, along with the Court's tentative findings and

17   conclusions.

18          Have both the defendant, Mr. Al-Akili, and his

19   lawyer, Ms. Sims, reviewed the documents to which I made

20   reference?

21          Ms. Sims?

22          MS. SIMS:  Yes, Your Honor.

23          THE COURT:  They were personally reviewed by the

24   defendant?

25          MS. SIMS:  Yes, Your Honor.

1          THE COURT:  Is that correct, Mr. Al-Akili?

2          THE DEFENDANT:  Yes, sir.

3          THE COURT:  Has the United States counsel also

4    reviewed those documents, Mr. Wilson?

5          MR. WILSON:  I have.  Thank you, Your Honor.

6          THE COURT:  I also note for the record the United

7    States Supreme Court's decision in the case of the United

8    States of America versus Booker by which the United States

9    Sentencing Guidelines have been declared to be advisory

10   recommendations and are no longer mandatory.

11         Also, under more recent Supreme Court precedent, a

12   sentencing court may not presume, that means take for granted,

13   that a guideline advisory range of sentences is reasonable.

14         Accordingly, the guidelines are only not mandatory,

15   they are not presumed or to be taken for granted as

16   reasonable.

17         Ms. Sims and Mr. Wilson, are you able to hear me?

18   I wasn't sure.

19         MS. SIMS:  Yes, Your Honor.

20         MR. WILSON:  Fine, yes, Your Honor.

21         THE COURT:  Thank you.

22         Mr. Al-Akili, you have taken an oath to tell the

23   truth, is that correct?

24         THE DEFENDANT:  Yes, I have.

25         THE COURT:  Mr. Al-Akili, in a proceeding in this

1    Court, you previously plead guilty to a one count criminal

2    indictment at Docket No. 12-91, which charged you with a

3    felony crime of being a convicted felon in possession of a

4    firearm in violation of Title 18 of the United States Code,

5    Section 922(g)(1); is that correct?

6              THE DEFENDANT:  Yes, Your Honor.

7              THE COURT:  Following your guilty plea, you recall

8    having indicated your willingness to be interviewed by the

9    probation office and to have me review the presentence

10   investigative report prior to the fixing of sentence?

11             THE DEFENDANT:  Yes, Your Honor.

12             THE COURT:  I would let counsel and the defendant

13   know that I have reviewed the complete file in this case, all

14   matters that have been brought to the attention of the Court

15   on behalf of both the United States of America and the

16   defendant.

17             I've reviewed the presentence investigative report

18   and the addendum to it, the position statements regarding that

19   report, and the memoranda in aid of sentencing filed by the

20   parties.  I also reviewed the recommendation of the probation

21   office with regard to an appropriate sentence.

22             I must advise the parties that according to a

23   standing Order of the Board of Judges of this Court and

24   consistent with the applicable Federal Rules of Criminal

25   Procedure, it is not appropriate to disclose the sentence

```
1    recommendation of the probation office to either the
2    defendant, his attorney, or the government's attorney.
3              However, Mr. Al-Akili, in determining your
4    sentence, the Court will not consider any factual or legal
5    matter that has not been disclosed to you and to your
6    attorney.  Do you understand that?
7              THE DEFENDANT:  Yes, I do.
8              THE COURT:  Ms. Sims, having reviewed the
9    presence investigative report and addenda and the Court's
10   tentative findings and rulings, is there any errors in those
11   documents you have not called to the Court's attention?
12             MS. SIMS:  No, Your Honor.
13             THE COURT:  Mr. Al-Akili, have you reviewed and
14   discussed with your lawyer the presentence investigative
15   report and the addenda and the other documents to which I made
16   reference?
17             THE DEFENDANT:  Yes, Your Honor.
18             THE COURT:  Is that correct, Ms. Sims?
19             MS. SIMS:  It is, Your Honor.
20             THE COURT:  The Court adopts the relevant findings
21   in the present investigative report and addenda that are
22   applicable to this sentencing determination today in the
23   context of all facts and matters before the Court.
24             I would note that as to Paragraph 21 of the
25   presentence report, it is deemed amended to reflect that the
```

1    adjudication which was set forth therein was of a juvenile

2    dependency rather than delinquency.

3            Further, as to the disputed matters set forth in

4    Paragraphs 24 and 25, the Court notes on the record that such

5    matters will not be considered in the fixing of a status

6    conference as to this defendant in these circumstances and,

7    therefore, the Court need not resolve any disputed matters

8    relative to those paragraphs.

9            Mr. Wilson, before moving to the sentencing phase

10   and allocution phase of the proceedings, does the government

11   have any further position statement or motions regarding

12   sentence?

13           MR. WILSON:  We do not.  Thank you, Your Honor.

14           THE COURT:  The Court acknowledges the defendant's

15   acceptance of responsibility, which results in a two level

16   reduction in offense level, consistent with the sentencing

17   guidelines.

18           Ms. Sims, as counsel for the defendant, is there

19   anything you would like to say or present on behalf of your

20   client at this time?

21           MS. SIMS:  Yes, Your Honor.

22           THE COURT:  You may proceed, Ms. Sims.

23           MS. SIMS:  May I approach?

24           THE COURT:  You may.  Is that podium acceptable to

25   you?

1        MS. SIMS:  May I grab this podium (indicating)?

2        THE COURT:  You may grab that podium, Ms. Sims.

3        MS. SIMS:  Thank you.

4        Your Honor, Mr. Al-Akili stands before the Court

5   today at 35 years old.  He's a married man with an infant

6   daughter.  He is respected in his community.  Indeed, many

7   members of his community are here in court today, along with

8   his wife, to support him.

9        At the time of his arrest on these charges, he was

10  living a law-abiding life and supporting his family through an

11  Internet business selling books, clothes, oils, and perfumes

12  to a largely Muslim clientele and was attempting to open Halwa

13  (phonetic) Grocery Store to serve the Muslim community in

14  Pittsburgh.

15       He is a devout Muslim and actively involved in his

16  mosque and assisting others less fortunate than himself in his

17  community.

18       His friend Nathan Ackinson, who is sitting back

19  there wearing the black turban, has written to the Court

20  Mr. Al-Akili lived a life of helping others.  Mr. Ackinson

21  citing specifically Mr. Al-Akili was active in the community

22  helping Somali refugees and establishing a small school to

23  help young Somalis who are refugees in Pittsburgh learn

24  English.

25       In his letter to the Court, Mr. Ackinson noted he

1   ran the school community out of his home from 2006 to 2010.

2           Mr. Al-Akili's close friend Rafiq Brookins, who is

3   also here in court in the back wearing a black jacket, who

4   supplied the gun to Mr. Al-Akili that he possessed at the

5   range has called Mr. Al-Akili a great benefit to the community

6   here in Pittsburgh.

7           Mr. Al-Akili's wife Hibo Mursal has written to the

8   Court that her husband is a respectful and humble man.  He

9   would do anything for someone in need.

10          Ms. Mursal notes he would allow people who did not

11  have a place to stay, who were homeless, to stay in his home.

12  He involved himself in events in his community that required

13  volunteers.  She writes people in the community see

14  Mr. Al-Akili as a good person, non-violent and concerns

15  himself with the well-being of humanity.

16          She describes Mr. Al-Akili as a husband, as a

17  loving and patient husband, as a frugal and good provider, who

18  works hard both at his job at East End Food Co-op and at home.

19  She describes him as a loving and attentive father to his

20  infant daughter, describing how he would come home from a day

21  of work and take the infant away from her so she could rest

22  and he take over.

23          Mr. Al-Akili does have a criminal record, but as

24  it's part of the past and Mr. Al-Akili committed his prior

25  criminal offenses between the ages of 19 and 24 and had one

1   conviction for retail theft and resisting arrest at age 29.

2   However, for the past ten years he led a very positive and

3   law-abiding life.

4           The circumstances of the offense don't indicate

5   that Mr. Al-Akili intended to return to the criminal

6   lifestyle.

7           As the Supreme Court in the Pepper case recently

8   said, the Court should also sentence a man or woman as that

9   person appears before the Court on the day of sentencing.

10          As Mr. Al-Akili in this case accepted an

11  invitation, he accepted an invitation from his good, dear,

12  close friend, Rafiq Brookins.  They were going out to the

13  Trafford Sportsmen's Club to enjoy themselves and he accepted

14  that invitation.  He went along and once there, he got caught

15  up in the moment.

16          They were firing the rifle down range.  They gave

17  it to him.  He fired the rifle down range.  He is not allowed

18  to do that.  He is a prior felon.  He is not permitted to

19  possess a firearm for any length of time.

20          However, as the Court has indicated previously,

21  Mr. Al-Akili had no intention of possessing this gun in

22  furtherance of any criminal conduct.  He was out with the

23  boys.  He had no intention of harming anyone or attempting to

24  gain ownership or control of a firearm.

25          He has no need for a firearm.  He is a peaceful,

1    law-abiding person.  The photograph was discovered when the

2    FBI obtained a subpoena from Mr. Brookins' private email and

3    discovered the pictures therein.

4            Based on all the forgoing, we request leniency and

5    ask the Court to sentence Mr. Al-Akili to a fair and just

6    sentence and I know both Mr. Al-Akili's wife and Mr. Brookins

7    would like to briefly address the Court.

8            THE COURT:  Ms. Sims, you may call anyone to assist

9    the Court consistent with Title 18, United States Code,

10   Section 3661.

11           MS. SIMS:  Thank you, Your Honor.

12           THE COURT:  Consistent with the appropriate

13   traditions, we normally would apply an oath.  Is it

14   appropriate to do affirmations or an oath?

15           MS. SIMS:  She is indicating an oath is okay.

16           THE COURT:  Mr. Babik, please administer the oath.

17           **HIBO MURSAL, DEFENSE WITNESS, WAS SWORN.**

18           THE CLERK:  Please state your name for the record.

19           MS. MURSAL:  My name is Hibo Mursal.

20           THE COURT:  Please step forward.

21           Ms. Sims, assist, if you can, with the adjustment

22   of the microphone so the Court and our reporter are capable of

23   hearing her speak.

24           The Court will now hear from you.

25           MS. MURSAL:  Your Honor, my husband didn't do

1  nothing.  He doesn't deserve to go to jail.  Justice in this

2  country -- he doesn't deserve to go to jail.

3              MS. SIMS:  Tell the Court about your husband, the

4  type of man he is.

5              MS. MURSAL:  I married him in 2010.  I have never

6  seen any violence.  He is a humble man, a good man.  He is

7  kind.  I don't know why the government is chasing him and

8  wants him to go to jail.  I don't know why.

9              I want to know why they want to do that.  He didn't

10  do nothing wrong.  He is a good man.  He is taking care of me

11  and my daughter, too.  I never see violence.  I never -- maybe

12  when he was a young kid he did some stuff but not anymore.  He

13  is not a terrorist my husband.

14              MS. SIMS:  Thank you.

15              THE COURT:  Mr. Wilson, if at any time you need to

16  relocate to assist in hearing the witnesses, you may position

17  yourself more appropriate in the courtroom.

18              MR. WILSON:  Thank you, Your Honor.

19              THE COURT:  Mr. Wilson, do you have any questions

20  for Ms. Mursal?

21              MR. WILSON:  I do not.

22              THE COURT:  Thank you.

23              Ms. Sims.

24              MS. SIMS:  I have Mr. Brookins who has indicated he

25  wanted to address the Court.

1     THE COURT:  You may bring Mr. Brookins forward, if

2  you like.

3     Ms. Sims, same question, would Mr. Brookins request

4  an oath or affirmation?

5     MS. SIMS:  Oath.

6     THE COURT:  Mr. Babik, please administer the oath

7  to Mr. Brookins.

8     THE CLERK:  Yes, Your Honor.

9     **RAFIQ BROOKINS, DEFENSE WITNESS, WAS SWORN.**

10     THE CLERK:  State your name for the record.

11     MR. BROOKINS:  Rafiq Brookins.

12     THE COURT:  Mr. Brookins, I would ask you to stand

13  close to the mic so we can hear you.

14     MR. BROOKINS:  What I would like to say is that I

15  was the one who invited him to the gun range.  I had no idea

16  not only that there was a law stating that felons couldn't

17  possess a firearm or even go to a gun range but that he was a

18  felon at all.

19     We went there only for sport and play and to have a

20  little fun.  No harm was involved with anyone.

21     This man is a very loving and caring person, one of

22  the only people I actually love in this world, and it saddens

23  me greatly to be a United States citizen and to see this man

24  going through so much hardship based on really no crime

25  whatsoever.

1          This man harmed no one or did anything wrong, even

2   according to the United States Constitution No. 2, he has a

3   right to bear arms, and there shall be no law that infringes

4   this right.

5          So, as an American citizen, it very saddens me this

6   is even happening to another American citizen.  I don't know

7   what else to say.

8          THE COURT:  Mr. Wilson, do you have any questions

9   for Mr. Brookins?

10          MR. WILSON:  I do not.

11          THE COURT:  Thank you for coming to court today.

12          Ms. Sims.

13          MS. SIMS:  We have nothing further, Your Honor.

14          THE COURT:  Mr. Al-Akili, do you have anything

15   additional you would like to say or present on your own behalf

16   in conjunction with the sentencing that the Court will impose?

17          THE DEFENDANT:  Yes, Your Honor.

18          Your Honor, I just want to state, as has already

19   been told to you through correspondence, through letters, that

20   I feel a grave injustice is being done to me and that, but I

21   accept full responsibility.

22          At the time, I had no inclination or prediction,

23   position to commit any offense or any crime or violate any

24   United States statutes.  So, the only thing I really would

25   like to say is that my faith is completely and totally

1  predestined to me, whatever Allah has already predestined what

2  happened.  I ask you to show leniency and mercy upon me.

3          That's pretty much all I have to say.  Everything I

4  have said, I already wrote letters to you and explained my

5  situation in detail.  I ask you to show mercy upon me.

6          THE COURT:  Thank you, Mr. Al-Akili.

7          Ms. Sims, is there anything else you would like to

8  elicit from him?

9          MS. SIMS:  No.

10          THE COURT:  Mr. Wilson, anything you would like to

11  elicit from the defendant, Mr. Al-Akili?

12          MR. WILSON:  Nothing.

13          THE COURT:  Mr. Al-Akili, thank you for your

14  statement to the Court.

15          THE DEFENDANT:  Thank you.

16          THE COURT:  Mr. Wilson, are there any other matters

17  that the government of the United States would like to bring

18  to the Court's attention regarding sentencing in this case?

19          MR. WILSON:  Nothing further at this time.

20          THE COURT:  Ms. Sims, is there any legal cause or

21  reason why sentence should not be pronounced in this case?

22          MS. SIMS:  No, Your Honor.  We would ask the Court

23  entertain, if the Court sentences Mr. Al-Akili to a term of

24  incarceration, that the Court recommend he be placed as close

25  as possible to his home in Pittsburgh so he can receive

1    visitors.

2           THE COURT:  Understood.  That is a motion that the

3    Court routinely grants in these circumstances.

4           Mr. Al-Akili, the Criminal History Category

5    applicable here under United States Sentencing Guidelines is

6    6.  Therefore, Zone D for sentencing purposes would apply

7    under the advisory guideline range.

8           Based on consideration of the applicable statutory

9    provisions, the applicable provisions of the United States

10   Sentencing Guidelines, the motions that have been made to the

11   Court, and the Court's determinations regarding those and

12   consideration of all the other matters lawfully brought to the

13   Court's attention in which it is authorized to consider, the

14   Court determines that the applicable advisory guideline range

15   based on the total offense level in your case is a total

16   offense level of 22, for which the applicable statutory

17   guideline range of imprisonment is 84 to 105 months.

18          Because the applicable portion of the sentencing

19   table contained in the United States Sentencing Guidelines is

20   Zone D, the provisions of United States Sentencing Guidelines

21   Section 5C1.1(c) as to probation, home confinement, or

22   community confinement are not applicable here.

23          Mr. Wilson, it's the Court's understanding that

24   neither forfeiture or restitution is applicable in this case,

25   is that correct?

1           MR. WILSON:  That is correct, Your Honor.

2           THE COURT:  Further, pursuant to the applicable

3   provisions of the United States Sentencing Guidelines, a term

4   of supervised release of two to five years would be applicable

5   in this case and there is a special assessment of $100 per

6   count of the criminal indictment to which you pled guilty for

7   a total of $100.

8           Ms. Sims or Mr. Al-Akili, do you have anything

9   further you would like to present before sentencing is

10  pronounced?

11          MS. SIMS:  No.

12          THE COURT:  Mr. Wilson?

13          MR. WILSON:  No.

14          THE COURT:  Mr. Al-Akili?

15          THE DEFENDANT:  No.

16          THE COURT:  In accordance with the applicable

17  provisions of the Sentencing Reform Act of 1984, including the

18  provisions of Title 18 of the United States Code, Section

19  3553, in determining your sentence, the Court has taken into

20  consideration the factors authorized by law and has considered

21  the arguments and presentations made by counsel and its prior

22  rulings in the case.

23          The Court also received and reviewed letters that

24  you sent to the Court relative to sentencing, Mr. Al-Akili,

25  along with members of your family and friends.

1          The Court has taken into account all of those

2    matters to the fullest extent that is permitted by law.

3          I considered all of the legally admissible evidence

4    that has been made to the Court, arguments made by counsel,

5    motions made by counsel, and statements made to the Court in

6    determining the applicable guideline range and in fixing the

7    precise sentence the Court will impose in this case.

8          I considered only those factors authorized to be

9    considered in your case by the applicable provisions of Title

10   18 of the United States Code, Section 3553 in fixing that

11   applicable range and the actual precise sentence in your case.

12         In doing so, the Court has endeavored to fix a

13   sentence that complies with those directives and does so in a

14   manner that avoids unwarranted sentencing disparities among

15   defendants with similar records who have been found guilty of

16   similar conduct.

17         Mr. Al-Akili, the Court would note pursuant to the

18   directives of the United States Sentencing Commission by

19   Congress and the statutes posited by our Supreme Court, by the

20   United States Court of Appeals for the Third Circuit, it's my

21   obligation to impose a sentence that is specific to you, to

22   your conduct, and to your situation, and all the matters which

23   I have noted on the record.

24         The charges to which you pled guilty and of which

25   you have been convicted are serious.  You have accepted

1  accountability for that conduct as reflected in the sentence

2  as noted by the application of the sentencing factors for

3  acceptance of responsibility.

4          Court also believes, however, that it's appropriate

5  to observe that you are not a first-time offender by any

6  means.  You previously have been provided with a number of

7  opportunities to recognize the consequences of your behavior.

8  That criminal record by necessity will impact the sentence

9  this Court imposes, as will all of the other matters that have

10  been appropriately brought to the Court's attention and

11  lawfully considered by the Court.

12          Court has also concluded in setting the applicable

13  guideline range and in fixing a sentence in your case that a

14  sentence of imprisonment is necessary to deter you from

15  further criminal activity and as importantly, to deter others

16  from engaging in similar criminal activity.

17          By the passage of the statute you pled guilty to

18  violating, the Congress of the United States and the law

19  passed by the House and Senate and signed by the President has

20  reflected the seriousness of those convicted of prior felony

21  offenses in possessing firearms after those convictions.

22          The sentence that the Court imposes will

23  necessarily reflect the seriousness of that activity in the

24  specific circumstances of your case.

25          Accordingly, the Court finds and concludes that the

1  following sentence is appropriate as being consistent with the

2  law applicable to this case to fulfill the purposes of

3  sentencing under the applicable law and in the facts of your

4  case.

5          Pursuant to the Sentencing Reform Act of 1984 and

6  the matters previously set forth by the Court, it is the

7  judgment of the Court that you, the defendant, Khalifa Ali

8  Al-Akili are hereby sentenced to a term of imprisonment of 94

9  months as to Count 1 of the indictment, followed by a term of

10  supervised release of five years, a mandatory special

11  assessment of $100 on each count of conviction in this case,

12  one count, is imposed pursuant to Title 18, United States

13  Code, Section 3013, which shall be paid to the U.S. District

14  Court Clerk immediately, if it has not been previously done.

15          Based on the financial information contained in the

16  matters brought to the Court's attention, Court finds that you

17  do not have the ability to pay a fine and a fine is,

18  therefore, waived.

19          The Court further finds based on the stipulation of

20  counsel, that neither restitution nor forfeiture is applicable

21  in this case.

22          Mr. Al-Akili, you must be aware that your sentence

23  of supervised release will carry with it a number of

24  significant conditions.  These include, but are not limited

25  to, the standard conditions as recommended by the advisory

1   guidelines, the obligation upon release you seek and hold

2   gainful employment, you must support any dependents and meet

3   family responsibilities to the best of your ability, you must

4   not use alcoholic beverages to excess, if you're inclined to

5   use them at all, you may not engage in unlawful use of any

6   controlled substance, nor may you unlawfully possess any

7   controlled substance or apparatus or paraphernalia related to

8   such substances.

9           Given your past history of drug use, you must

10  submit to substance and alcohol tests required by the

11  probation office, including random tests, one such test within

12  15 days of your release.

13          I will make it a condition of your supervised

14  release that if you're directed by the probation office and

15  also excused from doing so by your probation officer, you must

16  participate in an appropriate program of substance abuse

17  treatment, counseling or support as approved by your probation

18  officer, and must pay the cost of such treatment as determined

19  by the probation officer, not to exceed the actual cost.

20          You may not possess a firearm, ammunition, any

21  explosive or destructive device or any weapon.  You may not

22  leave the judicial district to which you are released,

23  including this direct, that is the Western District of

24  Pennsylvania, without advance approval of the probation office

25  or court.

1       You may not violate any provision of federal,

2   state, or local law and must immediately advise your probation

3   officer within 72 hours of any contact you had with any member

4   of law enforcement.

5       If you are intending to move your residence, you

6   must advise the probation office at least ten days in advance.

7       You must permit the probation officer to visit your

8   home at any time and also to permit them to search your

9   person, property, house, residence, vehicle, papers, business,

10  or place of employment at any reasonable time and in a

11  reasonable manner based on reasonable suspicion that

12  contraband or evidence of a violation of a condition of

13  supervision exists.

14      A failure to submit to such a search may be grounds

15  or revocation of supervision.  You must inform any residents

16  or users of any such premises those premises may be subject to

17  such a search.

18      You will also be obligated to report to the

19  probation office as frequently as they may require and will be

20  obligated to submit to the collection of a DNA sample.

21      Mr. Al-Akili, I must advise you should you violate

22  any term of supervised release, the probation office will

23  bring that to the Court's immediate attention.  If

24  appropriate, a motion may be filed with the Court to revoke

25  your probation.  Should that then happen and such a violation

1    be proven, you may then be sentenced to a further term of

2    imprisonment.

3              Mr. Al-Akili, please let today be the last time

4    that the Court is required to address you, your conviction, or

5    your conduct.

6              The Court finds that the sentence as imposed

7    conforms to all of the applicable statutory requirements and

8    additional law and the sentencing guideline provisions and

9    statutes.

10             Mr. Al-Akili, you have the right to appeal from the

11   orders of this Court, the judgment of guilt, and the sentence

12   that the Court has imposed today.

13             Do you understand that?

14             THE DEFENDANT:  Yes, Your Honor.

15             THE COURT:  Mr. Al-Akili, you have the right to

16   have a lawyer represent you in any appeal.  If you cannot

17   afford a lawyer, one will be appointed for you at no cost to

18   yourself.

19             Do you understand that?

20             THE DEFENDANT:  Yes, Your Honor.

21             THE COURT:  Mr. Al-Akili, if you cannot afford

22   certified copies of any necessary court reports or

23   transcripts, they will be furnished to you at the expense of

24   the United States government.

25             Do you understand that?

1        THE DEFENDANT:  Yes, Your Honor.

2        THE COURT:  Finally, and, importantly, you must

3  know that if you do wish to appeal, you must do that, that is

4  appeal, within 14 days of today.  If you do not appeal within

5  14 days of today, you will lose your right to appeal.

6        Do you understand that?

7        THE DEFENDANT:  Yes, Your Honor.

8        THE COURT:  Mr. Al-Akili, if you request, the Clerk

9  of this Court will immediately prepare and file a notice of

10  appeal on your behalf.

11        Do you want me to direct the Clerk of this Court to

12  prepare and file such a notice of appeal on your behalf?

13        THE DEFENDANT:  No, Your Honor.

14        THE COURT:  Ms. Sims, are there any other matters

15  for consideration or action by this Court before the

16  sentencing hearing is concluded?

17        MS. SIMS:  No, Your Honor.

18        THE COURT:  Mr. Wilson, on behalf of the United

19  States of America, are there any other matters for

20  consideration or action by this Court before the sentencing

21  hearing is concluded?

22        MR. WILSON:  Nothing, Your Honor.

23        THE COURT:  Mr. Wilson, on behalf of the United

24  States, are you satisfied that the Court has addressed the

25  matters required to be addressed under the Sentencing Reform

1  Act and the applicable provisions of the United States

2  Sentencing Guidelines?

3          MR. WILSON:  Yes.

4          THE COURT:  Ms. Sims, do you concur?

5          MS. SIMS:  Yes.

6          THE COURT:  Mr. Al-Akili, the Court orders that you

7  be remanded to the custody of the United States for the

8  imposition and execution of your sentence.

9          Mr. Wilson, does the government of the United

10  States have any objection to the Court in its sentencing notes

11  reflecting that it requests that the United States Bureau of

12  Prisons, to the extent practical, incarcerate Mr. Al-Akili as

13  close to Pittsburgh, Pennsylvania, as is possible?

14          MR. WILSON:  No objection.

15          THE COURT:  Mr. Al-Akili, based on the motion of

16  your lawyer and the fact the United States does not object, I

17  will make that notation in the sentencing documents the Court

18  prepares.

19          I must advise you that is a recommendation.  The

20  power of the Court is to recommend to the Bureau of Prisons

21  where you be placed.  I am not in a position to order that to

22  happen but I will place it in there and strongly urge the

23  Bureau of Prisons to house you at a location as close to

24  Pittsburgh, Pennsylvania, as is possible.

25          Ms. Sims, are there any other matters relative to

1  sentencing or these proceedings that should be brought to the

2  Court's attention?

3          MS. SIMS:  No.

4          THE COURT:  Mr. Wilson, are there any other matters

5  relative to sentencing or these proceedings that should be

6  brought to the Court's attention?

7          MR. WILSON:  No.

8          THE COURT:  With that, the sentencing hearing is

9  concluded, Mr. Ali-Akili.  I wish you the best.

10         Mr. Babik, you may now adjourn the Court.

11         (Whereupon, the above hearing was concluded at

12  3:40 p.m.)

13                       - - -

14

15         I hereby certify by my original signature herein,

16  that the foregoing is a correct transcript, to the best of my

17  ability, from the record of proceedings in the above-entitled

18  matter.

19

20              S/ Karen M. Earley

21                 Karen M. Earley

22                 Certified Realtime Reporter

23

24

25