## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | )   2:12-cr-00091-1 |
| | ) |
| KHALIFA ALI AL-AKILI, | ) |
| | ) |
| Defendant. | ) |

### MEMORANDUM ORDER

The Defendant is currently serving a term of supervised release, set to expire on or about March 22, 2024. He has thus served 4 years of the imposed 5 year term of supervised release, or 80% of such period. He has been in full compliance with the conditions of release imposed by this Court. He has now, by counsel, moved for the early termination of such term of supervised release. ECF No. 96. In that Motion, he notes that he has a minor child living abroad, and his conditions of supervised release impair his ability to remain in contact with that child via his visitation. For the reasons which follow, that Motion is GRANTED as set out below.

The Defendant also notes he has held and maintained lawful gainful employment, and has fulfilled his obligations to support his family. He has reintegrated into the community without any difficulties, his offense of conviction did not involve fraud or a controlled substance offense, he has had no arrests while on supervision, nor any history of substance abuse or mental health issues which would counsel further supervision for treatment or support purposes.

The Probation Office has advised the Court that due to a safety issue (not at the fault of the Defendant) with his place of abode, he and his family (including several small children) have been permitted to reside in another judicial District, where he is on "courtesy" supervision, which complicates the process of supervision were it to continue. The Probation Office has not identified any risk to the public or any victim of the offense of conviction that would necessitate further

supervision. And, notably, the United States consents to the Court's grant of the relief sought, namely the termination of the Defendant's term of supervised release. ECF No. 99.

The Court has considered the provisions of 18 U.S.C. §§ 3553 and 3583(e), along with the principles set out by our Court of Appeals in *United States v. Melvin*, 978 F. 3d 49 (3d Cir. 2020), and concludes that the Motion is well-taken. The Defendant has completed 80% of his term of supervised release without issues, he has fulfilled the core reasons for the period of post-incarceration supervision, the terms of supervision are materially impairing his connection with a minor child, and the Government does not object to the relief sought. In addition, to continue supervision would as noted above require the transfer of the Defendant's supervision to another District and therefore to another Court and Judge. While not insurmountable obstacles, such would be an added complication to the process that should not be added to the mix, unless necessary to meet some correctional goal. For the reasons noted, this Court concludes that it is and would not.

Therefore, upon full consideration of these matters, the Defendant's Motion is GRANTED, and his term of supervised release is terminated, effective Noon EDT the day after the date of this Order.

        s/ Mark R. Hornak
        Mark R. Hornak
        Chief United States District Judge

Dated: March 21, 2023

cc: All counsel of record